# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JERMELLE RODRIQUE HOLLINS, | ) CIVIL ACTION NO. 9:11-569-RMG-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| JOHN OWENS, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This Petition for a writ of habeas corpus was filed on March 10, 2011, pursuant to 28 U.S.C. § 2241.  Petitioner is currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina.

Respondent filed a motion to dismiss on May 31, 2011.  As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on June 1, 2011, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion on June 27, 2011.

This matter is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C.  Respondent has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



### Background

The record before the Court shows that Petitioner was sentenced on May 30, 2007, to a 235-month term of imprisonment by the United States District Court for the Southern District of Georgia for Possession with Intent to Distribute a Quantity of Cocaine Hydrochloride in violation of 21 U.S.C. § 841(a)(1). See Exhibit 1, Lathrop Declaration, ¶ 3 & Attachment A. On October 3, 2008, Petitioner's sentence was reduced to a 180-month term of imprisonment. See Exhibit 1, ¶ 3 & Attachment B. Petitioner is currently incarcerated at FCI Williamsburg with a projected release date of October 15, 2022, via Good Conduct Time (GCT) Release. See Exhibit 1, ¶ 5 & Attachment C.

Prior to his federal conviction, the evidence reflects that on February 27, 2003 Petitioner was arrested by Richmond County, Georgia, law enforcement on a charge of Possession of Cocaine with Intent to Distribute, and was released from state custody via bond on February 28, 2003. See Exhibit 1, ¶ 14. Thereafter, on April 8, 2005, a federal grand jury in the Southern District of Georgia returned an Indictment charging Petitioner with Possession with Intent to Distribute a Quantity of Cocaine Hydrochloride. See Exhibit 1, ¶ 15. This charge stemmed from the arrest on February 27, 2003. A federal arrest warrant was issued; see Exhibit 1, ¶ 15; and on June 29, 2005, Petitioner was arrested by the United States Marshal Service on the federal arrest warrant. See Exhibit 1, ¶ 16. The following day, June 30, 2005, Petitioner was released from federal custody via a $25,000 bond. See Exhibit 1, ¶ 16.

On February 2, 2006, Petitioner was arrested by Richmond County law enforcement for a new offense of Trafficking in Cocaine. See Exhibit 1, ¶ 17. Petitioner remained in state custody and was turned over to the Georgia Department of Corrections (GADOC). See Exhibit 1, ¶ 17. On

2



September 12, 2006, the United States Marshal Service borrowed Petitioner from the GADOC via a federal writ of habeas corpus ad prosequendum; see Exhibit 1, ¶ 18; and following his federal conviction and May 30, 2007 sentencing; see Exhibit 1, ¶ 19 & Attachment A; Petitioner was returned that same day to the GADOC. See Exhibit 1, ¶ 19.

On June 22, 2007, Petitioner was sentenced to 10 years imprisonment, to run concurrent with the federal sentence, by the Superior Court of Richmond County following Petitioner's conviction on the February 2, 2006 Trafficking in Cocaine charge. See Exhibit 1, ¶ 20. Following sentencing in the Superior Court, Petitioner was returned to the GADOC for service of the 10 year state sentence. See Exhibit 1, ¶ 20. On September 24, 2009, Petitioner was paroled from his 10 year state sentence; see Exhibit 1, ¶ 21; and the GADOC turned Petitioner over to the United States Marshal Service for service of his federal sentence. See Exhibit 1, ¶ 21.

Petitioner's federal sentence has been computed as beginning on September 24, 2009, the day that the GADOC turned Petitioner over to the exclusive custody of the United States Marshal Service for service of his federal sentence. See Exhibit 1, ¶ 24. A total of four days prior custody credit has also been applied toward his sentence, and Petitioner is additionally eligible to earn a total of 705 days Good Conduct Time. See Exhibit 1, ¶ 27, Attachment C. This results in Petitioner having a projected release date from his federal sentence on October 15, 2022, via Good Conduct Time Release. See Exhibit 1, ¶ 27, Attachment C. However, Petitioner asserts in this federal habeas action that he should have received a *nunc pro tunc* designation, with credit for the time he was in state custody prior to September 24, 2009. Specifically, Petitioner requests that the Court award time spent in state custody toward his federal sentence from 2007 to the present. See Petition. It is undisputed that, while this time was credited to Petitioner's state sentence, it has not been credited



to his federal sentence.

# I.

### (Exhaustion)

Respondent does not contest that, to the extent Petitioner's claim is challenging the Bureau of Prison ("BOP")'s decision not to credit him for prior time served in state custody, this claim may be brought under 28 U.S.C. § 2241. However, Respondent does disputes that Petitioner has exhausted his administrative remedies with respect to this claim. See Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. June 8, 2001); 18 U.S.C. § 3585; United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) [ "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." ]. See also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982).

Although Respondent concedes that Petitioner properly filed his Administrative Remedy and Regional Administrative Appeal to the Regional Director, both necessary steps to administrative exhaustion, Respondent contends that Petitioner failed to properly pursue his appeal to the Central Office (another necessary step) since he did not attach certain necessary documents with his appeal. See Respondent's Exhibit One, ¶¶ 8-9; see also 28 C.F.R. § 542.14(a). No administrative appeal is considered fully exhausted until a decision is reached on the merits by the Central Office. See Shoup v. Shultz, No. 09-585, 2009 WL 1544664, at * 3 (D.N.J. June 2, 2009). While Petitioner argues that he could not attach the documents needed because he had sent the originals with his Regional Administrative Appeal; see Respondent's Exhibit One, ¶ 12 and



Plaintiff's Complaint; Respondent argues that it is Petitioner's responsibility, not the BOP's, to maintain copies of his documents, and that he should have known that these documents would be required for future appeals. See Respondent's Exhibit One, ¶ 12. Therefore, the parties disagree as to whether Petitioner has exhausted his administrative remedies.

Given the arguments submitted, it is questionable whether Respondent should be awarded relief with respect to the exhaustion issue. Cf. Shoup, 2009 WL 1544664, at * 3 [Noting that in some circumstances the exhaustion requirement can be excused when the litigant attempted exhaustion]. However, even assuming arguendo that Petitioner properly exhausted his administrative remedies, the undersigned finds and concludes based on a careful review of the record and applicable caselaw, that he is not entitled to relief.

## II.

### (Custody Credit)

Under federal law,

> [a] federal sentence cannot commence before it is imposed, United States v. Walker, 98 F.3d 944, 945-946 (7th Cir. 1996), and a district court has no power to award presentence credit, United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000). A district court may order a federal sentence to run concurrently with an undischarged state sentence, 18 U.S.C. § 3584(a); Romandine v. United States, 206 F.3d 731, 737-738 (7th Cir. 2000) . . . . [but the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence], 18 U.S.C. § 3585(b); Ross, 219 F.3d at 594.

Short v. Revell, No. 05-1890, 152 Fed.Appx. 542, 544 (7th Cir. Oct. 24, 2005)(unpublished).

Here, Petitioner was awarded only 4-days prior custody credit toward his federal sentence. See Exhibit 1, ¶ 27 & Attachment C. The first time period he was credited with consists of the day of his arrest related to the federal offense, February 27, 2003, through the day he was



released on bond, February 28, 2003. Petitioner was then also credited with the day he was arrested by the United States Marshal Service on the federal warrant, June 29, 2005, through the day he was released on bond, June 30, 2005. See Exhibit 1, ¶ 27 & Attachment C. The BOP has determined that these are the only periods of time Petitioner spent in pretrial detention related to his federal offense. See Exhibit 1, ¶ 27 & Attachment C. The undersigned does not find any grounds for habeas relief in this decision.

The record shows that on February 2, 2006, Petitioner was arrested by state authorities for an *unrelated* drug offense and remained in the state's continuous primary custody until his release by the state on September 24, 2009 via parole. See Exhibit 1, ¶ 28. Petitioner does not dispute that he received credit for this time against his state court sentence, including for the time he had been "borrowed" by the U. S. Marshal per the federal writ to be seen by the federal court on his separate federal drug charge. A prisoner cannot receive double credit, and prior custody credit will therefore not ordinarily be granted under § 3585 if the prisoner has already received prior custody credit toward another sentence. See United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)["Section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."]; United States v. Arroyo, 324 F.Supp.2d 472, 473-474 (S.D.N.Y. 2004)[BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence]; Nguyen v. Department of Justice, No. 97-6489, 1999 WL 96740 (6th Cir. Feb. 3, 1999); Ransom v. Morton, No. 95-15127, 1995 WL 620935 (9th Cir. Oct. 19, 1995); see also 28 U.S.C. ¶ 3585(b); Bacon v. Federal Bureau of Prisons, No. 545-18, 2001 WL 34684734 (D.S.C. Mar. 22, 2001).

While it is possible under some circumstances for the sentencing court to order that



Petitioner be given a retroactive concurrent sentence; cf. Rodgers v. Holt, No. 09-1376, 2010 WL 2265947 at * 3 (M.D.Penn. June 2, 2010)[Allowing credit for presentence time spent in state custody where "the federal sentencing court expressed clear intent to adjust petitioner's sentence and make it retroactively concurrent with his non-federal sentence for the time period [at issue]"]; the parties do not dispute that Petitioner's federal sentence was not ordered to run concurrent with any other sentence. In fact, Petitioner had not been convicted of, and was not therefore even serving, a state court sentence at the time of his federal conviction, and it does not appear that the sentencing court on May 30, 2007, would have even had the authority to order Petitioner's federal sentence to run concurrent with a not yet imposed state court sentence (which was subsequently imposed on June 22, 2007). See United States v. Smith, 472 F.3d 222, 225-227 (4th Cir. 2006)[Sentencing court lacks authority to order its sentence to run, concurrent, with a future non-existent sentence].[2]

Petitioner also argues that he is entitled to federal credit for time served in state custody because the *state court* ordered that his sentence be served concurrently with his federal sentence. However, with regard to Petitioner's argument that the state court sentence was ordered to run concurrent with his federal sentence, this "is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state court conviction." Hunter v. Tamez, 622 F.3d 427, 430 (5th Cir. 2010)(quoting Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003). Therefore, the state court's order is not binding here. Furthermore, it is worth noting that if the state court wished to accomplish this goal, the state authorities could have attempted to relinquish or waive primary jurisdiction over the Petitioner. See Rodriguez-Luna v. Pettiford, No.

---

[2]The undersigned recognizes that some of the other circuits do not follow this holding. See Reynolds v. Thomas, 603 F.3d 1144, 1154-1155 (9th Cir. 2010)[discussing the split among the Circuit Courts over this issue]. However, Fourth Circuit caselaw binds this Court.



07-3398, 2008 WL 4131773, at * 2 (D.S.C. Aug. 29, 2008).   There is no evidence that this was done in Petitioner's case.

Petitioner also attempts to argue that he was in federal custody at the time of his sentencing on his federal charges.  However, he is simply incorrect in this belief.  The United States Marshal Service borrowed Petitioner on September 12, 2006, from the GADOC via a federal writ of habeas corpus ad prosequendum.  <u>See</u> Exhibit 1, ¶ 18.  This did not change Petitioner's designation to federal custody.  At that time, Petitioner had been released from federal custody on his pending federal charge on June 30, 2005, via a $25,000 bond.  <u>See</u> Exhibit 1, ¶ 16.  Petitioner was in custody because of a new arrest on February 2, 2006, by Richmond County law enforcement on a *new* offense of Trafficking in Cocaine, thereby placing him back in *state* custody.  <u>See</u> Exhibit 1, ¶ 17.  The United States Marshal Service's borrowing Petitioner from the GADOC via a federal writ did not change his custody status for purposes of his federal credit calculation.  Although Petitioner was physically in the hands of the United States Marshal before his federal sentencing, he actually remained in the legal custody of the State of Georgia during that period and therefore received credit only against his state sentence.  <u>United States v. Evans</u>, 159 F.3d 908, 911-912 (4th Cir. 1998); <u>Stewart Bailey</u>, 7 F.3d 384, 389 (4th Cir.1993)[a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on loan" to that jurisdiction's authorities]; <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n. 3 (4th Cir.1992); <u>Short</u>, 152 Fed.Appx. at 544; <u>Jake v. Herschberger</u>, 173 F.3d 1059, 1062 n. 1 (7th Cir.1999); <u>Sinito v. Kindt</u>, 954 F.2d 467, 469 (7th Cir.1992)(per curiam)[writ of habeas corpus ad prosequendum does not alter custody status]; <u>Flick v. Blevins</u>, 887 F.2d 778, 781 (7th Cir.1989)(per curiam)[prisoner delivered on writ of habeas corpus ad prosequendum does not alter custody status].



### III.

### (Nunc pro tunc designation)

Finally, Petitioner argues that, even though he received credit against his state offense for the time period at issue, he can also receive credit against his federal sentence under some type of *nunc pro tunc* designation. "A *nunc pro tunc* designation is utilized to designate a non-federal facility for service of a federal sentence to result in concurrent service of state and federal sentences while the inmate was or is in the primary custody of state authorities." Pratt v. Owens, 2010 WL 93909 at *2 n.2 (D.S.C. Jan. 8, 2010). Petitioner filed an administrative remedy to receive a *nunc pro tunc* designation on April 28, 2008; see Respondent's Exhibit 1, ¶ 31, Attachment H; but after consideration of all the appropriate factors under 18 U.S.C. § 3621(b), Petitioner's request was denied based on, but not limited to, consideration of Petitioner's past criminal history and the federal sentencing court's silence on the issue of whether the sentence should run concurrent. See Respondent's Exhibit 1, ¶ 31, Attachment I. The undersigned can find no basis for federal habeas relief in this decision.

It is undisputed that the federal court did not order Petitioner's sentence to run concurrent with any state court sentence. See Respondent's Exhibit 1, Attachment A. Indeed, as previously discussed, it does not appear that the sentencing court even had the authority to do so at the time of Petitioner's initial sentencing. See United States v. Smith, 472 F.3d at 225-227. Further, the record reflects that on October 3, 2008, the federal sentencing judge did revisit Petitioner's federal sentence and reduced Petitioner's sentence from 235 months to 180 months [this occurred after Petitioner's state sentence was imposed and while Petitioner was in state custody serving that sentence]. However, the sentencing judge ordered that all other terms remain the same, and



specifically did not order the sentence to run concurrent with any state court sentence. <u>See</u> Respondent's Exhibit 1, Attachment B. Therefore, Petitioner's sentence runs consecutive, not concurrent, pursuant to this order. <u>See</u> 18 U.S.C. § 3584(a)["Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."]; <u>see also</u> <u>United States v. Quintero</u>, 157 F.3d 1038, 1041 (6th Cir. 1998)[observing that § 3584(a) establishes a " 'rule of construction in the cases in which the court is silent as to whether sentences are consecutive or concurrent' "].

The BOP's decision to grant or deny a prisoner's *nunc pro tunc* designation request is reviewed for an abuse of discretion. <u>Barden v. Keohane</u>, 921 F.2d 476, 478 (3d Cir. 1991). In this case, the BOP considered all of the appropriate factors under 18 U.S.C. § 3621(b), and denied Petitioner's request. Based upon a review of the record and consideration of facts in this case, Petitioner has not shown that the BOP abused its discretion. Therefore, he is not entitled to relief from this Court.

<u>**Conclusion**</u>

Based on the foregoing, it is recommended that the Respondent's motion to dismiss be **granted**, and that this case be **dismissed, with prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 31, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

